# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **DUANE GREGLEY,** | ) | **CASE NO.  1:14CV971** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | **Magistrate Judge George J. Limbert** |
| **v.** | ) | |
| | ) | |
| **MAGGIE BRADSHAW, Warden,** | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| **Respondent.** | ) | |

The instant matter is before the undersigned on Respondent Maggie Bradshaw's ("Respondent") motion to dismiss and transfer Petitioner Duane Gregley's ("Petitioner") 28 U.S.C. § 2254 federal habeas corpus petition.  ECF Dkt. #7.  For the following reasons, the undersigned recommends that the Court DENY Respondent's motion to dismiss but GRANT Respondent's motion to transfer and TRANSFER Petitioner's federal habeas corpus petition to the Sixth Circuit Court of Appeals for authorization to file a successive petition.

## I.      PROCEDURAL HISTORY

### A.      STATE COURT

On July 10, 1998, the Cuyahoga County Court of Common Pleas sentenced Petitioner in Cuyahoga County Common Pleas Case Number CR-358368 after a jury found him guilty of two counts of aggravated murder with mass murder and firearm specifications, one count of attempted aggravated murder with firearm specifications and carrying a concealed weapon.  ECF Dkt. #1-1 at 2 in Northern District Court of Ohio Case Number 1:14CV50 ("Case Number 1:14CV50").  Another charge for having a weapon while under disability was tried to the trial court and that court found him guilty of the charge.  *Id*.  The trial court sentenced Petitioner to

life without parole on each of the aggravated murder convictions, nine years for the attempted aggravated murder conviction, and one year each on the weapons convictions, with the first three counts to run consecutive to one another and the last two counts to run concurrently with one another and to the first three counts.  *Id.*  On October 7, 2011, the trial court resentenced Petitioner in order to properly advise him of his period of post-release control.  ECF Dkt. #5-23 and ECF Dkt. #7 at 7 in Case Number 1:14CV50.

## **B.**     **FIRST FEDERAL HABEAS CORPUS PETITION**

After the state courts denied his direct appeals, Petitioner, pro se, filed his first federal habeas corpus petition in this District pursuant to 28 U.S.C. § 2254 on January 6, 2014 in Case Number 1:14CV50.  ECF Dkt. #1 in Case Number 1:14CV50.  Petitioner raised three grounds for relief in that petition, all challenging his 1998 judgment.  *Id.*  The grounds for relief were presented as follows:

> 1.     GROUND ONE: The State Appellate Court erred when denying Petitioner's claim that trial counsel was ineffective for his failure to zealously represent petitioner at trial.
>
>        Supporting Facts: Trial counsel did not file motion to suppress witness identification.
>
> 2.     GROUND TWO: The State Appellate Court erred when it failed to afford Petitioner a de novo sentencing hearing as required by case law established at the time of his motion for sentencing but later retroactively applies. New case law.
>
>        Supporting Facts: Motion for sentencing was filed and the courts waited two years until they brought Petitioner back for a sentencing hearing where the law had changed and applied that law instead of applying the law at the time the motion was filed.
>
> 3.     GROUND THREE: The State Appellate Court erred when Petitioner's Conviction is not valid because Ohio's doctrine of Res Judicata presupposed a valid "final" judgment the doctrine cannot bar challenge to conviction where the sentence was void, and thus application there of is contrary to U.S. Supreme precedent.

> Supporting Facts: Sentence is void due to the journal entry not having Post Release Control.

ECF Dkt. #1 in Case Number 1:14CV50. Respondent filed a Return of Writ asserting that Petitioner's § 2254 petition was untimely and alternatively requested that the Court find that the grounds for relief were either procedurally defaulted or without merit. ECF Dkt. #5 in Case Number 1:14CV50.

On August 29, 2014, the undersigned issued a Report and Recommendation on Petitioner's first federal habeas corpus petition recommending that the Court dismiss the petition as untimely and find that no circumstances warranted an equitable tolling of the AEPDA statute of limitations. ECF Dkt. #7 in Case Number 1:14CV50. On September 19, 2014, United States District Court Judge Dan Aaron Polster issued his Memorandum Opinion and Order with a Judgment Entry adopting the undersigned's Report and Recommendation dismissing Petitioner's grounds for relief as time-barred and not eligible for equitable tolling. ECF Dkt. #s 8, 9 in Case Number 1:14CV50.

## II.  INSTANT FEDERAL HABEAS CORPUS PETITION

On May 5, 2014, Petitioner, through counsel, filed the instant §2254 federal habeas corpus petition challenging the 1998 judgment. ECF Dkt. #1. Petitioner presents the following grounds for relief:

A.  Ground One: Trial court violated Petitioner's Due Process Rights when it re-sentenced him for offenses when sentences were completed.

B.  Ground Two: Violation of Due Process when imposition of Post Release Control was not properly incorporated into Sentencing Journal Entry.

C.  Ground Three: Ineffective Assistance of Counsel at Re-Sentencing Hearing.

D.  Ground Four: Failure to protect Appellant's rights at Post Release Control hearing.

-3-

E.        Ground Five: Denial of Due Process of Law and Equal Protection of Law when Trial Court failed to afford Petitioner an[sic] De Nova[sic] Hearing at the time of his Motion for Re-Sentencing.

F.        Ground Six: Denial of Due Process of Law when Res Judicata is used to bar Petitioner from challenging a void sentence.

G.        Ground Seven: Trial Court incorrectly sentenced Petitioner on aggravated murder when jury verdict only reflects elements of murder.

H.        Ground Eight: Trial Court incorrectly sentenced Petitioner on a felony carry a concealed weapon conviction, when the jury verdict form reflects only a misdemeanor offense.

I.        Ground Nine: Trial Court committed plain error in imposing a 3 year mandatory prison term for a violation of a specification not alleged in the Indictment.

J.        Ground Ten: Trial Court lacked jurisdiction to hold a court trial on having weapon under disability charge when no jury waiver was signed by Petitioner and filed with the Court.

K.        Ground Eleven: Ineffective Assistance of Trial Counsel in failing to file and litigate a Motion to Suppress Evidence.

L.        Ground Twelve: Jury Failed to find all essential elements of aggravated murder in the verdict form.

M.        Ground Thirteen: Jury failed to find all essential elements of attempted aggravated murder in the verdict form.

N.        Ground Fourteen: Trial court violated Petitioner's constitutional rights by improperly imposing court costs.

*Id.* On May 13, 2014, Petitioner's counsel filed a motion to withdraw as counsel, which the undersigned granted on the same date. ECF Dkt. #4. On July 11, 2014, Respondent filed the instant motion to dismiss and transfer Petitioner's instant federal habeas corpus petition. ECF Dkt. #7. Petitioner never responded to the motion.

## III.    LAW AND ANALYSIS

Section 2244(b)(1) of Title 28 provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application

shall be dismissed."  28 U.S.C. § 2244(b)(1).  Section (b)(2) of Title 2244 goes on to state that "[a]claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  The statute further provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

The phrase "second or successive" is not defined by the AEDPA statute and is a "term of art given substance by" prior United States Supreme Court habeas corpus caselaw.  *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).  The Supreme Court has identified two scenarios in which a subsequently filed federal habeas corpus petition is not considered a "second or successive" petition.  First, a subsequent petition is not a second or successive petition if the grounds asserted in that petition were not ripe at the time that an earlier petition was filed.  *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (when a second petition presents identical claim included in an earlier petition but claim was not yet ripe for review, the court should treat both petitions as a single application for habeas relief), and *Panetti v. Quarterman*, 551 U.S. 930, 942-944, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007) (holding that a petition that presents a claim not presented in an earlier

petition but claim would not have been ripe if it had been presented is not a second or successive petition). Second, a subsequent petition is not a second or successive petition if it attacks a state court judgment that was not attacked in the previous petition. *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 2796, 177 L.Ed.2d 592 (2010). As to state court resentencings, the Supreme Court has held that a subsequent petition is not a second or successive petition where it attacks a claim that originated at resentencing and the petitioner could not have been brought it in the earlier petition. *Banks v. Bunting*, No. 5:13CV1472, 2013 WL 6579036, at *6 (N.D. Ohio, Dec. 13, 2013), citing *Lang v. United States*, 474 F.3d 348, 351–52 (6th Cir.2007) and *Hines v. Coleman*, No. 3:12–CV–1722, 2012 WL 5383505, *6 (N.D.Ohio Nov.2, 2012).

In the instant case, Petitioner presents fourteen grounds for relief. ECF Dkt. #1. Grounds for relief numbers 5, 6, and 11 are the same grounds that Petitioner presented in his earlier federal habeas corpus petition challenging his underlying conviction, sentence, appeal and resentencing. *Compare* ECF Dkt. #1 to ECF Dkt. #1 in Case Number 1:14CV50. Petitioner's remaining eleven grounds for relief were not presented in his earlier federal habeas corpus petition but could have been raised as they concerned his jury and bench trial, the jury verdict, the trial court's sentencing and resentencing, and his appeals related thereto. ECF Dkt. #1. Since Petitioner presents grounds for relief in the instant federal habeas corpus petition that he raised in a previous federal habeas corpus petition and also presents grounds for relief that he had not raised before, Petitioner's instant federal habeas corpus petition is both second and successive. Further, Petitioner indicates in his instant federal habeas corpus petition that he is challenging his 1998 conviction and sentencing, the same conviction and sentencing that he challenged in his earlier federal habeas corpus petition. ECF Dkt. #1 and ECF Dkt. #1 in Case Number 1:14CV50. This Court dismissed Petitioner's earlier filed federal habeas corpus petition as untimely. ECF Dkt. #s 8, 9. A dismissal on the basis of the statute of limitations

-6-

operates as a decision on the merits for purposes of determining a second or successive petition. *See Sherman v. Sims*, No. 14-07-GFVT, 2014 WL 6850769, at *3 (E.D. Ky., Dec. 3, 2014), citing *Warren v. Burt*, No.  1:13-cv-570, 2013 WL 3014161, at *2 (W.D. Mich., June 17, 2013)(citing *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003) and *Warren v. Jackson*, No. 1:05-cv-791 (W.D. Mich. May 9, 2008)); *see also Gaston v. Turner*, No. 1:13CV1589 (N.D. Ohio Aug. 27, 2013)(second federal habeas corpus petition transferred to Sixth Circuit for authorization after earlier federal habeas petition dismissed as untimely filed and second petition challenged same underlying judgment as earlier petition).

Respondent asserts that the Court should dismiss Petitioner's fifth, sixth and eleventh grounds for relief in the instant federal habeas corpus petition because Petitioner previously raised these claims in his first federal habeas corpus petition and Petitioner cannot now relitigate those claims.  ECF Dkt. #7 at 8.  Section 2244(b)(1) of Title 28 requires that a court dismiss grounds for relief in a second or successive petition that were presented in a prior petition.  28 U.S.C. § 2244(b)(1).  However, as pointed out by United States District Court Judge Lioi of this District, precedent of the Sixth Circuit holds that the Court should not dismiss these claims outright, but should transfer them because the Court lacks jurisdiction in which to do so.  *See Barclay v. Tibbles*, No. 5:13CV124, 2014 WL 809197, at *3, fn.1 (N.D. Ohio, Feb. 28, 2014)(noting the contradictory holdings between the Supreme Court in *Magwood,* which held that a district court should have dismissed a second or successive petition in its entirety because the petitioner failed to obtain the proper authorization from the appellate court to file the petition, and the Sixth Circuit, which determined after *Magwood* in *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012) that district courts should transfer a second or successive petition to the Sixth Circuit "for want of jurisdiction under 28 U.S.C. § 1631 rather than dismiss it outright.").

Accordingly, based upon Sixth Circuit precedent, the undersigned recommends that the Court TRANSFER the entire instant federal habeas corpus petition to the Sixth Circuit for authorization to file a second or successive petition.

## IV.  CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner's prior federal habeas corpus petition, which was dismissed on the basis of untimeliness, qualifies the current federal habeas corpus application as a "second or successive application" under 28 U.S.C. § 2244.  Should the Court agree that the instant petition is a second or successive petition which is improperly filed in this Court, it is further recommended that this Court transfer the petition to the Sixth Circuit for authorization to file a second or successive federal habeas corpus petition as requested in Respondent's Motion to Dismiss and Transfer. ECF Dkt. #7.


Dated: February 19, 2015                    */s/George J. Limbert*
                                            GEORGE J. LIMBERT
                                            U.S. MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

-8-