**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DUANE GREGLEY,** | ) | **CASE NOS.   1:14 CV 50** |
| | ) | **1:14 CV 971** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **MARGARET BRADSHAW, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

In January 2014, *Pro Se* Petitioner Duane Gregley filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, under Case No. 1:14 CV 50 (hereafter, "Gregley I" or "first petition"). In August 2014, Magistrate Judge George J. Limbert issued a Report and Recommendation ("R&R") urging the Court to deny the petition as time-barred. On September 19, 2014, no objections having been filed, the Court issued an Opinion and Order adopting the R&R and dismissing the petition as time-barred. On March 5, 2015, Petitioner filed a Rule 60(b) Motion to Vacate Judgment that is presently pending before me. (**Doc #: 10**.)

While Gregley I was pending before Magistrate Judge Limbert, Petitioner, through counsel, filed another Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, under Case No. 1:14 CV 971 (hereafter, "Gregley II" or "second petition"). Presently pending before me is a Motion to Dismiss and/or Transfer, an R&R, and Petitioner's Objections. (Respectively, **Doc ##: 7, 8, 9**.) Because the cases are related, the Court will address all pending matters in one document, which will be filed in both cases.

#### I.  Gregley I

On January 8, 2014, Gregley his first habeas petition, challenging his June 1998 judgment of conviction for two counts of aggravated murder with a mass murder specification, one count of attempted aggravated murder with a 3-year firearm specification, one count of carrying a concealed weapon, and one count of having a weapon under a disability.  (Gregley I, Doc #: 1.)  Among other things, the trial court sentenced Petitioner to life imprisonment without parole on each aggravated murder conviction, and nine years of imprisonment on the attempted aggravated murder conviction with these three sentences running consecutively.  In October 2011, Petitioner was re-sentenced by the trial court for the purpose of properly advising him of a 5-year period of post-release control.

This first petition, which alleged three grounds for relief, was assigned by random lottery to me, and was immediately transferred to Magistrate Judge Limbert, pursuant to Local Rule 72.2(b)(2), for preparation of an R&R.

On March 6, 2014, Magistrate Judge Limbert issued an Order directing Respondent to file, no later than 60 days from the date of the Order, an answer to the petition; and directing Petitioner to file, no later than 30 days from the filing of Respondent's answer, a response brief.  (Id., Doc #: 4.)  The docket shows that a copy of the Order was mailed to Petitioner, # 358808, Richland Correctional Institution, P.O. Box 8107, Mansfield, Ohio 44901 (where he resides) on the same day.

On April 29, 2014, Respondent filed a Return of Writ arguing that the petition should be time-barred.  (Id., Doc #: 5.)  Based on this filing, the deadline for Petitioner to file a response

brief, or traverse, was May 29, 2014.  Petitioner never filed a traverse or a motion for extension of time to file a traverse.  However, he did file, through counsel, another § 2254 habeas petition.

On August 29, 2014, three months after the deadline for filing the traverse expired, the Magistrate Judge issued an R&R, urging the Court to deny the petition as time-barred.  (Gregley I, Doc #: 7.)  The R&R notified Petitioner that he had 14 days from service of the R&R to file objections.  (Id. at 22.)  The docket shows that a copy of the R&R was mailed to Petitioner at the Richland Correctional Institution on the same day it was issued.

Petitioner never filed objections or a motion for extension of time to file objections. Accordingly, on September 19, 2014, the Court, after reviewing the R&R, issued an Opinion and Order adopting the R&R and dismissing the petition as time-barred.  (Respectively, Doc ##: 8, 9.)  The docket shows that the Court mailed a copy of the Opinion and Order and the Judgment Entry to Petitioner at the Richland Correctional Institution on the same day they were issued.

On March 5, 2015, Petitioner filed the pending Rule 60(b) Motion to Vacate Judgment. (Doc #: 10.)  Therein, Petitioner states that he never received copies of the R&R or my order adopting the R&R; he first became aware of those filings when he received the R&R addressing the second petition; he noted his current address **(which is the same address to which all the documents were mailed)**.  Based on these representations, he asks the Court to vacate the judgment so that he may file timely objections and notice of appeal.

## II.    Gregley II

While the first petition was pending, Petitioner, through counsel, filed a second habeas petition on May 5, 2014.  (Gregley II, Doc #: 1.)  This time, Petitioner asserted fourteen grounds for relief arising from his 1998 convictions, three of which were pending before Magistrate

Judge Limbert in Gregley I.  (Id.)  Although the first two pages of the Civil Cover Sheet noted that the case was related to Gregley I, it was assigned by random lottery to District Judge Jeffrey J. Helmick, and was then transferred to Magistrate Judge Limbert for briefing and preparation of an R&R pursuant to Local Rule 3.1.  In short order, the case was reassigned to me as related to Gregley I.  (Id., Doc #: 6.)

On May 14, 2014, Magistrate Judge Limbert issued an Order directing Respondent to file an answer to the petition within 60 days from the date of the Order, and directing Petitioner to file a response no later than 30 days after the answer was filed.  (Id., Doc #: 5.)  The docket shows that the Court mailed a copy of the Order to Petitioner at the Richland Correctional Institution on the same day it was issued.

On July 11, 2014, Respondent filed a Motion to Dismiss and Transfer, asking the Court to dismiss the three repeated grounds for relief  "because they were raised in a previously filed habeas action that is pending in this district court and challenges the same judgment of conviction as that in the instant petition."  (Gregley II, Doc #: 7 at 1.)  Respondent asked the Court to transfer the remaining eleven claims to the Sixth Circuit Court of Appeals for authorization to file a successive habeas petition under 28 U.S.C. § 2244(b)(3)(A) and (C).  (Id.) According to Respondent, "Petitioner's counsel failed to notify the court of having filed Gregley I when filling out the Gregley II petition," citing inconsistent answers located in the bowels of the Petition.  (Id. at 5.)  In fact, Petitioner made very clear that Gregley II was related to Gregley I.  (See id., Doc #: 1 at 1-2.)

The deadline for Petitioner to file a response to the July 11, 2014 Motion to Dismiss and/or Transfer was August 11, 2014.  But Petitioner filed nothing.

On February 19, 2015, Magistrate Judge Limbert issued an R&R recommending that the Court treat Gregley II as a second or successive petition which must be transferred to the Sixth Circuit for permission to file it in the district court.  (Doc #: 8.)

On March 3, 2015, Petitioner timely filed Objections.  Construing the Objections liberally, as the Court must when reviewing *pro se* filings, Petitioner argues that Gregley II is not a "second or successive petition" because it should have been construed as a motion to amend the first petition.

Three days later, Petitioner returned to Gregley I to file the Rule 60(b) Motion to Vacate Judgment that is presently pending

### III.    Analysis

While neither the Supreme Court nor the Court of Appeals for the Sixth Circuit has addressed the issue, other courts have uniformly held that when a second habeas petition is filed before the adjudication of the initial petition is complete, the district court should construe the second petition as a motion to amend the first petition, rather than as a second or successive petition.  *See, e.g., Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (when a pro se petitioner files a second § 2254 motion before the district court rules on the petitioner's first § 2254 motion, the second motion should be construed as a motion to amend the first)*; Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) ("when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion"); *United States v. Williams*, 185 Fed.Appx. 917, 919 (11th Cir. 2006) (holding the same); *United States v. Sellner*, 773 F.3d 927, (8th Cir. 2014) (joining the circuits holding that when a pro se petitioner files a second §

2255 motion while the first § 2255 motion is still pending before the district court, the second motion should be construed as a motion to amend); *Motley v. Rapelje*, No. 10-13132, 2011 WL 4905610, at \*1 (E.D. Mich. Oct. 13, 2011) ("If a pro se habeas corpus petition is filed while an earlier petition is still pending in the district court, the district court must construe the second petition as a motion to amend the first petition.") (citing *Woods*, 525 F.3d 890, which was "cited with approval in *In re Juan E. Fitchett*, No. 10-2045 (6th Cir. June 6, 2011) (unpublished)").

Accordingly, the Court rejects the R&R in <u>Gregley II</u>, and will construe the second petition filed by Gregley as a motion to amend his first petition, which the Court hereby **GRANTS**.  That said, as the Court has already ruled that <u>Gregley I</u> was time-barred, the Court concludes that Gregley II is time-barred as well, as it was filed four months after <u>Gregley I</u>.

The Court also denies the Rule 60(b) Motion to Vacate the Court's judgment that Petitioner filed in <u>Gregley I</u>.   "A party's failure to file timely objections to a magistrate judge's report and recommendation constitutes waiver of that party's right to appeal the court's judgment." *Blount v. Mansfield*, No. 07-13101, 2009 WL 2057367, at \*1 (E.D. Mich. Jul. 13, 2009) (citing *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008), in turn citing *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)).  The Sixth Circuit has held that the mere allegation of delayed receipt is an insufficient basis upon which to deviate from the waiver rule. *Id*. (citing *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987).

Here, Petitioner simply asserts that he never received the R&R, the opinion and the judgment entry.  However, the docket in <u>Gregley I</u> shows that these documents were mailed to Petitioner at the correct address the same day they were issued.  Moreover, Respondent has provided evidence showing that Petitioner received all the documents in a timely manner.  (Doc

#: 11.)   Attached to Respondent's opposition brief are copies of the mail logs from the prison

indicating that Petitioner did in fact receive the R&R (received at the prison from the district

court in Youngstown on September 4, 2014; Petitioner signed for the parcel on September 5,

2014) and my final orders (received at the prison on September 23, 2014; Petitioner signed for

the parcel on September 24, 2014).  (See Doc #: 11-1.)

Gregley's assertion that he did not receive these documents is uncorroborated by

affidavit.  It is well settled that proof that a document properly directed was placed in the mail

"creates a presumption that it reached its destination in usual time and was actually received by

the person to whom it was addressed."  *Blount*, 2009 WL 2057367, at *1 (quoting *Hagner v.*

*United States*, 285 U.S. 427, 52 S.Ct. 417 (1932), in turn citing *Rosenthal v. Walker*, 111 U.S.

185, 193, 4 S.Ct. 382 (1884)).  *See also Crosby v. Rohn & Haas Co.*, 480 F.3d 423, 430 (6th Cir.

2007)).  For these reasons, the Court **DENIES** Petitioner's Rule 60(b) Motion.

## IV.

Based on the foregoing, the Court **DENIES** the Rule 60(b) Motion filed in Gregley I;

**CONSTRUES** the habeas petition filed in Gregley II as motion to amend the first habeas

petition filed in Gregley I and **GRANTS** the motion; and **DISMISSES AS TIME-BARRED** the

petitions in both Gregley I and II.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster    March 19, 2015*
**Dan Aaron Polster**
**United States District Judge**